

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Gordon v. Pugh

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gordon v. Pugh" (2007). *2007 Decisions.* Paper 1054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-225                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4266
_____

JUKEN WASHINGTON GORDON,
Appellant

v.

MICHAEL V. PUGH, Former Warden; RONALD LAINO, Med. Supervisor; DEVEN
CHANMUGAM, M.D.; UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01856 )
District Judge: Honorable Sylvia H. Rambo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

Before:    BARRY, AMBRO and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed May 31, 2007)
_____

OPINION
_____

PER CURIAM

    Juken Washington Gordon, a federal prisoner proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u>

<u>pauperis</u>, appeals an order of the United States District Court for the Middle District of

Pennsylvania granting the defendants' motion for summary judgment. For the following

reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On September 14, 2005, Gordon filed a complaint in the District Court alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment and medical malpractice. The alleged misconduct occurred while Gordon was incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania. The complaint names as defendants Michael V. Pugh, the former warden at USP-Allenwood; Ronald Laino, the prison's medical supervisor; and Dr. Deven Chanmugam, a physician who examined Gordon at the prison. Gordon attached several exhibits to his complaint, including copies of administrative grievances and medical records. The defendants responded by filing a motion to dismiss or, in the alternative, for summary judgment. The District Court granted the motion for summary judgment because the documentary evidence submitted by the parties showed that Gordon's claims were time barred. Gordon now appeals. Because he is proceeding in forma pauperis, we will dismiss the appeal if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Gordon alleges that the defendants violated the Eighth Amendment by acting with deliberate indifference in denying him treatment for hepatitis B. This claim, which is cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (citing 42 PA. CONS. STAT. ANN. § 5524); Napier v. Thirty or More Unidentified Fed.

2

Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). Thus, for the claim to be timely, Gordon must have filed it within two years of the date of accrual. We agree with the District Court that the Bivens claim accrued no later than March 19, 2003, when Dr. Chanmugam met with Gordon and denied his request for hepatitis treatment. See Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (stating that a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the . . . action"). Gordon filed this Bivens action approximately thirty months later. It is true that during a portion of this thirty-month period, Gordon was pursuing administrative remedies in accordance with the exhaustion requirement applicable to Bivens claims. See Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000). But even if we accept that the limitations period tolled during the exhaustion period, the complaint is still untimely. Gordon filed his grievance challenging the denial of hepatitis treatment on September 9, 2003. This grievance remained pending until the Central Office of the Federal Bureau of Prisons rejected Gordon's final administrative appeal on December 29, 2003. Thus, tolling could only have occurred for three months and twenty days out of the thirty-month period, rendering the Bivens action untimely by approximately two months and ten days.

We also agree with the District Court that Gordon's medical malpractice claim is untimely under the Federal Tort Claims Act ("FTCA"). A litigant bringing a tort claim against the United States must file it "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §

3

2401(b). The Northeast Regional Office of the Federal Bureau of Prison denied Gordon's malpractice claim on May 4, 2004. The administrative opinion informed Gordon of the six-month deadline for challenging the decision in federal court, but Gordon did not file his FTCA claim within that time period. Instead, he inexplicably waited ten months after expiration of the six-month period to file his complaint.

Based on the foregoing analysis, we conclude the appeal lacks arguable merit. Therefore, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). We deny Appellant's motion for appointment of counsel.